IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY VINCENT,** | : | |
|     Petitioner | : | No. 1:21-cv-00305 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| **KEVIN KAUFFMAN, et al.,** | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which Petitioner Troy Vincent ("Vincent") seeks habeas corpus relief based on the risks posed by the COVID-19 pandemic. The Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

**I.    BACKGROUND**

Vincent initiated this case through the filing of a petition for writ of habeas corpus on February 13, 2021, which the Court received and docketed on February 18, 2021. (Doc. No. 1.) Vincent, who has been incarcerated in the State Correctional Institution-Huntingdon ("SCI-Huntingdon") at all relevant times, asserts that he is "health compromised" and that he takes "medication" daily. (Id. at 1.) Because of those facts, Vincent is concerned that if he contracted COVID-19 he would develop severe symptoms from the virus. (Id.) He therefore seeks a writ of habeas corpus compelling the Pennsylvania Department of Corrections ("DOC") to release him to home confinement. (Id.) He emphasizes that he is not challenging the legality of his conviction or sentence. (Id.)

Respondents responded to the petition on June 2, 2021. (Doc. No. 7.) Respondents argue that the petition should be dismissed for Vincent's failure to exhaust state court remedies and because a habeas corpus petition is not an appropriate means to challenge the conditions of a

prisoner's confinement. (Id. at 3-8.) Alternatively, Respondents argue that the petition should be denied on its merits. (Id. at 8-13.) Vincent has not filed a reply brief in support of his petition, and the time for doing so has expired. The petition is accordingly ripe for review.

## II. DISCUSSION

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." See O'Sullivan, 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See id.

In this case, Respondents assert that Petitioner has not exhausted state court remedies because he has not brought his claim through a petition for state habeas corpus relief under 42 Pa.C.S. § 6502. (Doc. No. 7 at 3-5.) Numerous decisions in this district have concluded that petitioners must exhaust state court remedies under Section 6502 prior to seeking habeas corpus relief based on the risks posed by COVID-19. See, e.g., Kehoe v. Kauffman, No. 3:20-CV-01717, 2022 WL 837486, at *5 (M.D. Pa. Mar. 21, 2022) (Mehalchick, C.M.J.); Ralph v. Kauffman, No. 1:21-CV-00515, 2021 WL 4989886, at *1 (M.D. Pa. Oct. 27, 2021) (Conner, J.); Wilkins v. Superintendent of SCI Huntingdon, No. 1:21-CV-00446, 2021 WL 1812685, at *4 (M.D. Pa. May 6, 2021) (Rambo, J.); Hoskins v. Kauffman, No. 3:21-CV-00301, 2021 WL 1425282, at *2 (M.D. Pa. Apr. 15, 2021) (Mannion, J.); Ginn v. Kauffman, No. 1:21-CV-00508, 2021 WL 1340140, at *2 (M.D. Pa. Apr. 9, 2021) (Wilson, J.). Vincent has not rebutted Respondents' contention that he has failed to exhaust state court remedies under Section 6502,

2

and the Court's independent research does not indicate that Vincent has filed any petitions for relief under Section 6502 in Pennsylvania's courts. The Court will accordingly dismiss Vincent's petition without prejudice for failure to exhaust state court remedies.

### III.  CONCLUSION

For the foregoing reasons, Vincent's petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state court remedies. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
